UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MERRILL LYNCH, PIERCE, FENNER &** | * | |
| **SMITH INCORPORATED,** | * | |
| | * | |
| **Plaintiff,** | * | **Civil Action No. 6:08-cv-00819** |
| | * | |
| **versus** | * | **Judge Rebecca Doherty** |
| | * | |
| | * | **Magistrate Judge Mildred Methvin** |
| **SUCCESSION OF MARY L. SCOTT, BUCK** | * | |
| **JONES SCOTT, and BRENDA BLAKE** | * | |
| **ORGERON,** | * | |
| | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant/Claimant, Edward G. Crumley, as the Executor for the Estate of Buck J. Scott ("Estate of Mr. Scott"), respectfully submits this memorandum in support of his motion for summary judgment.

The Estate of Mr. Scott seeks summary judgment:

1.    Finding that Arkansas law, not Louisiana law, should be applied to determine the ownership of the Merrill Lynch brokerage account at issue in this action; and

2.    Awarding ownership of the account to the Estate of Mr. Scott.

### FACTS RELEVANT TO THIS MOTION

Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") filed its Complaint in Interpleader ("Complaint") on June 10, 2008, pursuant to 28 U.S.C. § 1335,

naming the Succession of Mary L. Scott, Buck J. Scott, and Brenda Blake Orgeron as defendants/claimants.[1] Merrill Lynch seeks, among other things, a judgment determining the ownership of securities held in a Merrill Lynch account owned by Mr. and Mrs. Scott as joint tenants with rights of survivorship.

Buck J. Scott and Mary L. Scott were married in 1991.[2] Mr. and Mrs. Scott began living in Arkansas immediately following their marriage in 1991, and continued to live in Arkansas throughout their marriage.[3]

On or about October 17, 2000, Mr. and Mrs. Scott transferred securities from a prior Merrill Lynch Account held jointly by Mr. and Mrs. Scott into Account No. 563-20W84 (the "Account").[4]

In order to open the Account, on or about October 12, 2000, Mr. and Mrs. Scott both executed a document entitled "Merrill Lynch Client Relationship Agreement" ("Client Agreement").[5] Through the Client Agreement, the parties created the account as a joint tenancy with right of survivorship. Under the heading "CMA," for the "First Account" (identified as Account Number 56320W84), Mr. and Mrs. Scott checked the names of both "Client 1" (identified as Mrs. Scott) and "Client 2" (identified as Mr. Scott) as account owners. In the next box, titled "Joint Account Only," Mr. and Mrs. Scott checked the box labeled "JTWROS."[6]

---

[1] Buck J. Scott died on July 14, 2008. Exhibit A, Affidavit of Edward G. Crumley, ¶7. Edward G. Crumley, as the Executor for the Estate of Buck J. Scott, was subsequently substituted as the proper party defendant by the Court.

[2] Exhibit A, Affidavit of Edward G. Crumley, ¶2.

[3] Exhibit A, Affidavit of Edward G. Crumley, ¶3.

[4] Complaint, ¶12. Although the Complaint erroneously states the prior account was maintained "in Mrs. Scott's name alone," documents provided by Merrill Lynch demonstrate otherwise. Quarterly statements provided by Merrill Lynch for Account No. 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 show the owners of the account as "MARY L SCOTT" and "BUCK J SCOTT JTWROS." See Exhibit B, Initial Disclosures of Merrill Lynch, ML/SCOTT 00852-00858. Merrill Lynch could not locate any documents executed by Mr. or Mrs. Scott naming the parties as joint tenants with rights of survivorship. See Exhibit C, Discovery Responses of Merrill Lynch, Response to Interrogatory No. 2.

[5] Exhibit D, Client Agreement, produced by Merrill Lynch as ML/SCOTT 00866.

[6] Id.

Merrill Lynch provided instructions accompanying the Client Agreement form clarifying

the meaning of Mr. and Mrs. Scott's choices:

> If you are opening one or more accounts at this time, please check the appropriate
> box to designate the holder of each account; check BOTH Client 1 and Client 2
> for joint ownership. The most common joint ownership forms are listed on the
> form and in the chart to the right.

> Joint ownership of property is an important element of estate planning and entails
> important legal and tax consequences. Please consult with your attorney if you
> have any questions regarding joint ownership.[7]

The box to the right of this section sets forth that "JTWROS" – the option chosen by Mr.

and Mrs. Scott on the Client Agreement – means "Joint Tenants With Right of Survivorship."[8]

Under common law, a joint tenancy with right of survivorship is defined as a form of

ownership in which two or more people own an undivided interest property. The right of

survivorship means that when any individual joint tenant dies, the other joint tenants

automatically gain ownership of the decedent's interest by operation of law. It is common

practice in many states outside of Louisiana, including Arkansas, to establish savings accounts,

checking accounts, investment accounts and other financial instruments as joint tenancies as an

estate planning tool used to avoid probate. The result is that ownership of the account can be

transferred without a judicial administration of the property.

The Client Agreement was executed by Mr. and Mrs. Scott in Arkansas.[9] The broker of

record identified on the Account is based in Little Rock, Arkansas.[10] All Account statements

were mailed to the residence of Mr. and Mrs. Scott in Mena, Arkansas.

Mrs. Scott lived in Arkansas with her husband until she left to visit family in Louisiana

on January 31, 2008.[11] Mr. Scott continued to remain in contact with and provide financial

---

[7] Exhibit E, Client Agreement instructions produced by Merrill Lynch as ML/SCOTT 00860-00865, at 00861.
[8] Id.
[9] Exhibit C, Discovery Responses of Merrill Lynch, Response to Interrogatory No. 7.
[10] Exhibit C, Discovery Responses of Merrill Lynch, Response to Interrogatory No. 8.

3

support to Mrs. Scott during the six week period after she left Arkansas to visit family and prior to her death.[12]

Mrs. Scott died testate in Louisiana on March 15, 2008.[13]  Her will, dated March 5, 2009, appointed her daughter, Brenda Blake Orgeron, as executrix and identified the following legacies:

- All property owned by Mrs. Scott located in Stillwell, Oklahoma, is left to her grandson, Michael Blake Johnson.

- All property owned by Mrs. Scott located in Smithville, Oklahoma, is left to Brenda Blake Orgeron.

- $400,000 is left to establish the "Mary L. Scott Educational Trust," naming four beneficiaries.  No source of funding is identified for this legacy.

- "[A]ll of the rest, remainder, and residue" of Mrs. Scott's estate was left in equal parts to Brenda Blake Orgeron, Kayla Johnson Nunez, and Michael Blake Johnson.[14]

Mrs. Scott refers to no other property in her will.  Notably, Mrs. Scott makes no mention of the Merrill Lynch Account co-owned with her husband.  The will provides no evidence of any intent to divest Mr. Scott of his joint ownership of the Account.

Buck J. Scott died on July 14, 2008, nearly four months after Mary L. Scott died in March 2008.  Because Mr. Scott was the last surviving owner of the Account, the Court should award ownership of the Account to the Estate of Mr. Scott.

---

[11] Exhibit A, Affidavit of Edward G. Crumley, ¶4.
[12] Exhibit A, Affidavit of Edward G. Crumley, ¶5.
[13] Exhibit A, Affidavit of Edward G. Crumley, ¶6.
[14] Exhibit F, Last Will and Testament of Mary L. Scott.

## LAW AND ARGUMENT

**I.     The Court Should Apply Arkansas Law to Determine Ownership of the Joint Account.**

The threshold issue is whether the Court should apply Arkansas or Louisiana law to determine the ownership of Account. This decision will likely determine who owns the Account.

Louisiana law prior to 2009 did not recognize the concept of a joint tenancy with right of survivorship for a bank deposit or brokerage account. Under the pre-2009 law, a donation inter vivos of an incorporeal thing, such as a credit, right, or action, was not valid unless made by authentic act passed before a notary public and two witnesses. *See* former La. C.C. art. 1536.[15] Because ownership of a deposit account is an incorporeal right, Louisiana cases have generally held that the creation of an account in the name of two or more joint account owners creates no ownership interest in the surviving owner in the absence of such an authentic act. *See, e.g., Kanz v. Wilson*, 703 So.2d 1331 (La. App. 1 Cir. 1997); *Carter v. Cater*, 538 So.2d 1121 (La. App. 5 Cir 1989); *Dawson v. Capitol Bank & Trust Co. of Baton Rouge*, 261 So.2d 727, 728 (La. App. 1 Cir. 1972); *Basco v. Central Bank and Trust Co.*, 231 So.2d 425 (La. App. 3 Cir. 1970). The Client Agreement in this case was not notarized or witnessed and would not meet the requirements of an authentic act under Louisiana law.

In contrast, joint tenancy agreements are common under Arkansas law. The Arkansas legislature has specifically recognized the concept of a joint tenancy with rights of survivorship in several different types of accounts, including brokerage accounts. Ark. Code §23.32.207 allows creation of a joint tenancy with right of survivorship in checking accounts, savings

---

[15] Current Article 1550 of the Louisiana Civil Code, which became effective on January 1, 2009, replaced former La. C.C. art. 1536 and now provides that "an incorporeal movable that is investment property, as that term is defined in Chapter 9 of the Louisiana Commercial Laws, may also be donated by a writing signed by the donor that evidences donative intent and directs the transfer of the property to the donee or his account or for his benefit. Completion of the transfer to the donee or his account or for his benefit shall constitute acceptance of the donation." However, this appears to be a substantive change in the law which would not apply retroactively to resolution of the instant case. See La. C.C. art. 6.

accounts, and certificates of deposits issued by federally or state chartered banks. Further, within the context of creating the Uniform TOD Security Registration Act, Ark. Code §28.14.101 *et seq.*, the Arkansas legislature gave official recognition to the concept of brokerage accounts held in the form of a joint tenancy with right of survivorship.[16] Arkansas law does not require that documents creating joint accounts be executed as authentic acts.

Federal courts generally apply the forum state's choice of law rules in interpleader actions "because the federal interpleader action is merely a special brand of diversity jurisdiction." *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320-21 (8th Cir. 1991). Thus, because Merrill Lynch filed this suit in Louisiana, the Court must look to Louisiana's conflict of laws provision, Article 3515 of the Louisiana Civil Code,[17] for guidance:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

The facts demonstrate that Arkansas has a far greater relationship to both "the parties and the dispute" than Louisiana. Mr. and Mrs. Scott lived in Arkansas from 1991 through 2008. They executed the Client Agreement in Arkansas. The Account was opened in Arkansas.

---

[16] Ark. Code §28.14.101 includes a "brokerage account" within the definition of "security account." Under Ark. Code §28.14.107, where a brokerage account is held as a joint tenancy with right of survivorship and a beneficiary has been designated, ownership of the account passes to the beneficiary only upon the death of all owners named as joint tenants with right of survivorship. In no beneficiary survives all owners, the account is awarded to the last to die of the multiple owners. While no beneficiary was named on the Merrill Lynch Account, the legislature's tacit approval of brokerage accounts held as joint tenancies with rights of survivorship is significant.

[17] Although La. C.C. art. 3532 states that "testate and intestate succession to movables is governed by the law of the state in which the deceased was domiciled at the time of death," at least one Louisiana court has determined that conflicts regarding ownership of incorporeal rights should be subject to the broader factors set forth in La. C.C. art. 3515. *Kanz v. Wilson*, 703 So.2d 1331, 1337-38 (La. App. 1 Cir. 1997) (applying La. C.C. art. 3515 to conflicts analysis involving certificates of deposit).

Merrill Lynch delivered all account statements to the Scotts' home in Arkansas. The Merrill Lynch broker of record was located in Arkansas. The Estate of Mr. Scott is being administered in Arkansas.

In contrast, Louisiana has a very limited relationship to the parties and no relationship whatsoever to the Account. Mr. Scott has no relationship at all with Louisiana. The limited connections between this dispute and Louisiana are that Mrs. Scott executed a will in Louisiana ten days before dying here which did not refer to the Account, that the will was probated in a Louisiana state court, that her daughter lives in Louisiana, and that Merrill Lynch opted to file this lawsuit in this Court (though it could also have done so in Arkansas).

From a public policy standpoint, Louisiana appears to have little interest in having its restrictive laws governing joint accounts apply to an account with such little connection to the state. Further, it appears from the recent revisions to the Civil Code that the Louisiana legislature may be moving away from the previous standard upholding ownership of joint accounts only when the parties have executed an authentic act. On the other hand, Arkansas has a strong interest in protecting its citizens' ability to have important estate planning decisions like the opening of a joint account protected.

Finally, Mr. Scott could not have had "justified expectations" that Louisiana law could be applied to override any ownership interest he may have in the Account simply because Mrs. Scott executed a will in Louisiana.

For these reasons, the Court should apply the factors set forth in La. C.C. art. 3515 and apply Arkansas law to the resolution of this dispute.

7

**II.    Ownership of the Account Should Be Awarded to Mr. Scott's Estate Under Arkansas Law.**

After finding that Arkansas law applies to the disputed Account, the Court should then apply Arkansas law to award ownership of the Account to the Estate of Mr. Scott.

As explained earlier, joint tenancies with rights of survivorship are common under Arkansas law and generally accepted as an estate planning tool. The Client Agreement signed by the parties clearly and unambiguously establishes that Mr. and Mrs. Scott intended to take joint ownership of the Account as joint tenants with rights of survivorship. The evidence further establishes that Mrs. Scott did not indicate either in her will or at any other time following the opening of the Account any desire to convert the Account to another form of ownership that would not pass directly to Mr. Scott upon her death. Because Mr. Scott survived Mrs. Scott, the Estate of Mr. Scott should be awarded ownership of all securities currently held in the Account by virtue of the designation agreed to by the parties through execution of the Client Agreement.

## CONCLUSION

For the foregoing reasons, the Estate of Mr. Scott prays for entry of summary judgment finding that Arkansas law should be applied by the Court in this matter and that ownership of the Account be awarded to the Estate of Mr. Scott.

Respectfully submitted,

/s Gregory C. Fahrenholt

GREGORY C. FAHRENHOLT (Bar No. 28572)
7739 Hampson Street
New Orleans, Louisiana 70118
(504) 451-9605
greg.fahrenholt@gmail.com
Attorney for Defendant/Claimant, Edward G. Crumley, as the Executor of the Estate of Buck J. Scott

8

## CERTIFICATE OF SERVICE

Electronic service of the foregoing was accomplished via the ECF filing system to the following registered ECF users on September 16, 2009:

Larry E. Mobley
Attorney for Merrill Lynch, Pierce, Fenner & Smith Inc.

Bernard S. Johnson
Attorney for Brenda Blake Orgeron and the Succession of Mary L. Scott

/s Gregory C. Fahrenholt
_____