UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,** | * | **CIVIL ACTION NO. 6:08-cv-819** |
| Plaintiff, | * | |
| VERSUS | * | **JUDGE DOHERTY** |
| **SUCCESSION OF MARY L. SCOTT, BUCK JONES SCOTT, and BRENDA BLAKE ORGERON,** | * | |
| Defendants. | * | **MAGISTRATE METHVIN** |

## OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") submits this opposition to Brenda B. Orgeron's Motion for Summary Judgment and Edward G. Crumley's Motion for Summary Judgment (the "Motions"). For the reasons that follow, Merrill Lynch opposes the Motions to the limited extent that any judgment rendered in this matter should award Merrill Lynch its costs and attorney's fees incurred in filing and prosecuting this action.[1]

"[A]s a general rule, when an interpleader action is successful, the court often awards costs, as well as other attorney's fees, to the stakeholder." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976) (citing Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 1719); *see also Talcott v. Allahabad Bank, Ltd.*, 444 F.2d 451, 467-68 (5th Cir. 1971) (citing Moore's Federal Practice P22.16(2)) ("The law is clear that a district court has the authority to award within its discretion stakeholder costs, including a reasonable attorneys' fee in interpleader

---

[1] Merrill Lynch will submit an affidavit detailing its costs and fees after a final judgment has been entered in this matter.

144318

actions."). "[F]ees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Lincoln Nat'l Life Ins. Co. v. Easton*, 2009 WL 1307770, at *2 (E.D. La. May 11, 2009) (citing *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999)).

Here, Merrill Lynch is a disinterested stakeholder who initiated this action, admits that it owes the securities (or the proceed derived upon the sale of the securities) held in the brokerage account to someone, and seeks to be relieved of any liability associated with the securities at issue. At this time, however, Merrill Lynch is unable to authorize the sale of the securities in the brokerage account and deposit the proceeds into the registry of the Court because an agreement between the interested claimants to this proceeding have not authorized their sale.

For the foregoing reasons, Merrill Lynch respectfully requests any judgment rendered by this Court award Merrill Lynch its reasonable attorneys' fees and costs associated with these proceedings.

Respectfully submitted,

**Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.**

/s/ Larry E. Mobley
George C. Freeman, III, T.A. (La. #14272)
Larry E. Mobley (La. #29990)
909 Poydras Street, Suite 2400
New Orleans, LA 70112
Phone (504) 589-9700
Fax (504) 589-9701

*Attorneys for Merrill Lynch, Fenner, Pierce & Smith Incorporated*

144318

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above and foregoing has been furnished by ECF/CMF to all counsel on this 30th day of September, 2009.

/s/ Larry E. Mobley
Larry E. Mobley

144318