UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED

VERSUS                                        CIVIL ACTION NO. 6:08-cv-00819

SUCCESSION OF MARY SCOTT, BUCK          JUDGE DOHERTY
JONES SCOTT, and BRENDA BLAKE           MAGISTRATE METHVIN
ORGERON

**MEMORANDUM IN OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT BY EDWARD CRUMLEY**

MAY IT PLEASE THE COURT:

**LAW AND ARGUMENT**

**I.    Ownership of the Account Should be Awarded to Brenda Blake Orgeron, Even Under Arkansas Law**

Defendant/Claimant, Edward G. Crumley, argues that under Arkansas law the Merrill Lynch account was owned in joint tenancy with a right of survivorship. In support of this contention, he states that the legislature recognized joint tenancy with a right of survivorship with respect to specific accounts, namely checking accounts, savings accounts, and certificates of deposit. Ark. Code § 23-32-207. He further argues that in Ark. Code § 28-14-107, the legislature tacitly recognized that brokerage accounts can be held in joint tenancy with right of survivorship and they

should be included under Ark. Code § 23-32-207.[1]  However, the Arkansas Supreme Court has expressly stated that Ark. Code § 23-32-207 regulates only banking institutions and federally and state chartered savings and loan associations.  Hall v. Superior Federal Bank, 303 Ark. 125, 794 S.W.2d 611 (1990).[2]  In Hall, the Court also stated that opening a brokerage account as joint tenants with a right of survivorship is not conclusive evidence of the parties' intent.  Id.

a.     **The Legislature did not tacitly incorporate "brokerage accounts" into Ark. Code § 23-32-207 through the enactment of Ark. Code § 28-14-101 *et seq.***

Crumley's argument is based on the Uniform Transfer on Death Security Registration Act.  Ark. Code § 28-14-101, *et seq*.  The Uniform Transfer on Death Security Registration Act was enacted by the Arkansas State Legislature in Acts of 1993, Act 114, § 7, after the Supreme Court issued the holding in Hall.  It is well established that the Legislature, in enacting statutes, does so with the "full knowledge of the constitutional scope of its powers, full knowledge of prior legislation on the same subject, and full knowledge of judicial decisions under preexisting law."  Helena-West Helena School Dist. v. Fluker, 371 Ark. 574, 268 S.W.3d 879 (2007); McLeod v. Santa Fe Trail Transp. Co., 205 Ark. 225, 168 S.W.2d 413 (1943).  In enacting the Uniform Transfer on Death Security Registration Act after Hall, it is presumed the legislature had full knowledge of its holding.  The Legislature did not amend Ark. Code § 23-32-207 to include brokerage accounts, with the result that the holding of Hall continues to control the present issue.  Therefore, Ark. Code § 23-32-207 does not apply to brokerage accounts.

---

[1] Memorandum in Support of Motion for Summary Judgment submitted by Edward G. Crumley, p. 5-6, ¶3, including FN. 16.

[2] For further analysis, see the Memorandum in Support of Motion for Summary Judgment filed by Brenda B. Orgeron.

    b.    **Even if the Legislature did tacitly approve the recognition of joint tenancy with a right of survivorship in brokerage accounts through its enactment of Ark. Code § 28-14-101 *et seq*. it did not intend to overrule Hall v. Superior Federal Bank**

The Arkansas Supreme Court in Hall discussed whether the opening of a brokerage account in joint tenancy with a right of survivorship was conclusive evidence, as permitted in Ark. Code § 23-32-207, or whether parol evidence was permissible to determine intent. The Court never stated that a brokerage account could not be held in joint tenancy with a right of survivorship. Rather, the Court held that the simple statement of joint tenancy with rights of survivorship on the account was not conclusive. Hall, 794 S.W.2d at 614. In making the determination of the parties' intent, the admission of extrinsic evidence is proper. As discussed above, the Legislature is presumed to be familiar with decisions of the Supreme Court of Arkansas. It can enact statutory amendments if it chooses to change the law from that which has been announced by the Court. The failure to amend the statute means that the decisions of the Supreme Court remain the law on the issue. Lawhon Farm Services v. Brown, 335 Ark. 272, 984 S.W.2d 1 (1998). When the Legislature enacted Ark. Code § 28-14-101, *et seq*., the holding in Hall was law. At that time, the Legislature could have overruled Hall and included brokerage accounts in Ark. Code § 23-32-207. Its decision not to do so means that Hall remains the law. Therefore, the conclusive presumption found in Ark. Code § 23-32-207 does not extend to brokerage accounts.

    c.    **Mary Scott clearly intended that the Merrill Lynch account be delivered to Brenda Orgeron and her children upon Mary's death**

Since the holding in Hall controls, it is proper to look at the intent of Mary Scott in order to make a determination of ownership with respect to the Merrill Lynch account. Mary Scott mentioned to Brenda Orgeron that representatives at Merrill Lynch suggested she take the name of

her deceased husband, James Howard Blake, off the account.[3]  Mary Scott also stated the "tax people" recommended adding a second name to the account.[4]  At the time she took Mr. Blake's name off the account, she did not have the social security number of Brenda Orgeron.  As a result, she added Buck Scott to the account because she had access to his social security number.  Mary stated several times that she still intended that the stock go to Brenda and her children upon Mary's death.[5]

Mary executed a power of attorney in favor of Leon Blake and asked him to gather her assets.  In the process of carrying out Mary's wishes, Leon Blake spoke with Buck Scott, his daughter, Barbara, and her husband, Edward Crumley.  At that time, Mr. Scott, along with Barbara and Edward Crumley, confirmed that they knew that Mary's wishes were for this stock to pass under her will to her descendants.  They further stated that they intended to carry out those wishes.[6]

It is clear that Mary Scott's intent, when she added Buck Scott's name to the Merrill Lynch account, was not to transfer an interest in the account to Buck Scott.  Rather, Mary Scott was simply following the advice of her advisors and intended that the stock still devolve to Brenda Orgeron and her children.  Also, Buck Scott, Barbara and Edward Crumley were aware of her intentions.  Defendant/Claimant, Edward G. Crumley, has provided no evidence to the contrary.  Therefore, no

---

[3]Affidavit of Brenda Orgeron, attached to the Memorandum in Support of Motion for Summary Judgment filed by Brenda B. Orgeron as Exhibit "F."

[4]Exhibit "C" attached to the Memorandum in Support of Motion for Summary Judgment filed by Brenda B. Orgeron.

[5]For further discussion, see the Memorandum in Support of Motion for Summary Judgment filed by Brenda B. Orgeron with attached affidavits as Exhibits "D," "E," and "F."

[6]Exhibits "D" and "E" attached to the Memorandum in Support of Motion for Summary Judgment filed by Brenda B. Orgeron.

genuine issue remains as to the intent of Mary Scott at the time of opening the Merrill Lynch account.

## CONCLUSION

The Supreme Court of Arkansas in <u>Hall</u>, with respect to brokerage accounts, stated that opening a brokerage account as a joint tenancy with right of survivorship was not conclusive as to the parties' intent.  Evidence as to the intent of the parties when opening the account is permissible. <u>Hall</u>, 794 S.W.2d at 614.  The Legislature has not taken any step to overrule the holding in <u>Hall</u>.  The evidence clearly shows that Mary Scott's intent at the time of opening the account was not to transfer an ownership interest to Buck Scott.  Mary's clear intent was that, upon her death, the account go to Brenda Orgeron and her children.  Merrill Lynch should be ordered to deliver the brokerage account to Brenda Orgeron.

    Respectfully submitted,

    COOK, YANCEY, KING & GALLOWAY
    A Professional Law Corporation

    By  /s/ Bernard S. Johnson
        Bernard S. Johnson
          La. Bar Roll No. 07280
        Kristina B. Gustavson
          La. Bar Roll No. 29232
333 Texas Street, Suite 1700
PO Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
E-mail: bernard.johnson@cookyancey.com
ATTORNEYS FOR THE SUCCESSION OF MARY L. SCOTT AND BRENDA BLAKE ORGERON

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing is being served on:

>Mr. Larry E. Mobley
>Barrasso Usdin Kupperman Freeman & Sarver, LLC
>909 Poydras Street, Suite 2400
>New Orleans, LA 70112
>Phone: (504) 589-9700
>Fax: (504) 589-9701
>ATTORNEYS FOR PLAINTIFF

>Mr. Gregory C. Fahrenholt
>Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
>601 Poydras Street, Suite 2775
>New Orleans, LA 70130
>Phone: (504) 568-1990
>Fax: (504) 310-9195
>Email: gfahrenholt@lawla.com
>ATTORNEYS FOR EDWARD G. CRUMLEY, AS THE
>EXECUTOR OF THE ESTATE OF BUCK J. SCOTT

by facsimile and by placing a copy of same in the United States Mail, properly addressed and with adequate postage affixed thereon.

Shreveport, Louisiana, this 1st day of October, 2009.

>/s/ Bernard S. Johnson
>Bernard S. Johnson, #7280