**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **MERRILL LYNCH, PIERCE, FENNER &** | * | |
| **SMITH INCORPORATED,** | * | |
| | * | |
| **Plaintiff,** | * | **Civil Action No. 6:08-cv-00819** |
| | * | |
| **versus** | * | **Judge Rebecca Doherty** |
| | * | |
| | * | **Magistrate Judge Patrick Hanna** |
| **SUCCESSION OF MARY L. SCOTT, BUCK** | * | |
| **JONES SCOTT, and BRENDA BLAKE** | * | |
| **ORGERON,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM REGARDING STATE LAW APPLICABLE TO THE ACCOUNT

MAY IT PLEASE THE COURT:

Defendant/Claimant, Edward G. Crumley, as the Executor for the Estate of Buck J. Scott, respectfully submits this memorandum concerning which state law governs the Merrill Lynch brokerage account at issue in this action. This memorandum was requested by the Court in its November 30, 2009, Memorandum Ruling and Order [Doc. Nos. 30-31].

The Memorandum Ruling asks the parties to brief "whether Arkansas, Louisiana, New York, or any other state" law governs the ownership of the account. This request raises two separate questions of law which will be briefly discussed in turn. The first question concerns whether the "Governing Law" clause contained in the Client Relationship Agreement, which states that New York law will be applied to the interpretation of the agreement, requires that New York law govern the title to and ownership of the account itself. The second question is

whether Arkansas or Louisiana law should apply to the Merrill Lynch account if the Court

concludes that New York law does not govern the account.

**I.        The Client Relationship Agreement, the document in which Mr. and Mrs. Scott express their intention to co-own the account as joint tenants with rights of survivorship, specifies that the agreement must be interpreted under New York law.**

Mr. and Mrs. Scott created the Merrill Lynch brokerage account by executing the Merrill

Lynch Client Relationship Agreement on or about October 17, 2000.  As the Court noted *sua*

*sponte* in footnote 9 of its Memorandum Ruling, Mr. and Mrs. Scott and Merrill Lynch all agreed

in the terms and conditions of the Client Relationship Agreement that any dispute regarding the

agreement would be governed by and interpreted under New York law.[1]  Specifically, the Client

Relationship Agreement contains a section entitled "Governing Law" which provides:

> Unless otherwise specified, my agreements with you will be governed by and interpreted under the laws of the state of New York.[2]

Because the agreement was the vehicle used by Mr. and Mrs. Scott to create the joint

account, the Court may find that any dispute regarding the parties' intent in executing the

agreement must also be decided using New York law.

Federal courts generally apply the forum state's choice of law rules in interpleader

actions "because the federal interpleader action is merely a special brand of diversity

jurisdiction."  *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320-21 (8th Cir. 1991).  Because

Merrill Lynch filed this suit in Louisiana and this Court is exercising diversity jurisdiction over

the dispute, the conflicts doctrine of Louisiana should apply to determine whether the contractual

choice of law provision is enforceable.  *Restivo v. Hanger Prosthetics & Orthotics, Inc.*, 483

F.Supp.2d 521 (E.D. La., 2007) (citing *Curtis Callais Welding, Inc. v. Stolt Comex Seaway*

---

[1] Merrill Lynch's corporate headquarters are located in New York City.
[2] Doc. 20, Exhibit "E."  The Client Relationship Agreement states that "my" refers to any person signing the agreement and "you" refers to Merrill Lynch.

*Holdings, Inc.,* 129 Fed.Appx. 45, 51 (5th Cir. 2005)). "Louisiana courts typically will not invalidate a choice-of-law provision agreed upon between parties, unless the chosen law violates a strong public policy of the state." *Curtis Callais Welding,* 129 Fed. Appx. at 52 (*citing Delhomme Industries, Inc. v. Houston Beechcraft, Inc.,* 669 F.2d 1049 (5th Cir.1982)).

The Estate of Mr. Scott is unaware of any public policy justifications which would preclude the application of New York law to determine the intent of the parties under the Client Relationship Agreement.   Therefore, the Court may apply New York law to determine the ownership of the Merrill Lynch brokerage account.

II.     **Alternatively, if the Court finds that the New York law does not govern the account, Arkansas law would apply to the account because the deposit was made in Arkansas, the account was kept in Arkansas, and Louisiana conflicts of laws principles would mandate application of Arkansas law.**

This Court has already held that Louisiana law does not apply to the Merrill Lynch Account.  [Doc No. 30, p.13].  That ruling and the reasoning used by the Court in making that ruling should be determinative of this issue.  However, because the Court listed Louisiana as a state whose law could apply to the "the nature of the asset at issue," the Estate of Mr.  Scott will again argue that the Court should not apply Louisiana law in any manner to the account.

Most states, including Arkansas, hold to the prevailing rule that "title to and rights in a joint bank account are governed by the law of the place where the deposit has been made and the account is kept."  *White v. Toney*, 823 S.W.2d 921, 924 (citing See 10 Am.Jur.2d Banks § 376 (1963); 9 C.J.S. Banks and Banking § 994 (1938); *Herbin v. Farrish*, 47 N.C.App. 193, 266 S.E.2d 698 (1980) (North Carolina); *Tyler v. Suburban Trust Co.*, 247 Md. 461, 231 A.2d 678 (1967) (Maryland); *Hendricks v. Lundy*, 356 P.2d 566 (Okla.1960) (Oklahoma); *Seng v. Corns*, 58 So.2d 686 (Fla.1952) (Florida); *Sloan v. Jones*, 192 Tenn. 400, 241 S.W.2d 506 (1951) (Tennessee); *In re Kugel's Estate*, 192 Misc. 61, 78 N.Y.S.2d 851 (1948) (New York); *Kelly v.*

*Kelly*, 134 N.J.Eq. 316, 35 A.2d 618 (1944) (New Jersey); *Wynne v. Wynne*, 69 R.I. 229, 33 A.2d 173 (1943) (Rhode Island); *Barstow v. Tetlow*, 115 Me. 96, 97 A. 829 (1916) (Maine).)

Thus, if this Court applied Arkansas law, it would determine that title to and rights to the Merrill Lynch Account at issue in this litigation are governed by the laws of Arkansas.  As the Court has already stressed, "the account was opened and administered in Arkansas to two owners of the account who lived in Arkansas and received their account statement in Arkansas for a period of almost 18 years."  [Doc. 30, p. 16.]  Although Mrs. Scott executed a document claiming domicile in Louisiana ten days prior to her death [Doc. No. 30, p. 7], this fact alone could not change where the account was located or "kept," particularly given that Mr. Scott continued to live in Arkansas and that account statements continued to be sent to the couple's residence in Arkansas.

In contrast, Louisiana law does not adhere to the common rule that the situs of a bank account governs title to or ownership of the account.  Instead, in Louisiana "a bank account is an incorporeal movable, LSA C.C. Art. 473, *Suc. of Miller*, 405 So.2d 812 (La.1981), and as such its ownership is governed by the domicile of the owner and not by the location of the thing. C.C. Art. 10, *Suc. of Thomas*, 35 La.Ann. 19 (1883)." *Suc. of Villere*, 411 So.2d 484, 487 (La. App. 4 Cir. 1982).  However, Mr. Scott, one of the two joint owners of the account and the surviving owner upon Mrs. Scott's death, continued to be domiciled in Arkansas, leading to a conclusion that the ownership of the account should be governed by his domicile.  Mrs. Scott's change in domicile ten days prior to her death should not in itself change the "nature of" the account.

In the event that the Court contemplates applying Louisiana law to the "nature of" the account, The Estate of Mr. Scott re-adopts and incorporates by reference the conflicts of law analysis contained in its original Memorandum in Support of Motion for Summary Judgment.

4

[Doc. No. 20, pp. 6-7.]   To summarize, under Article 3515 of the Louisiana Civil Code, the Court should apply Arkansas law to the account because: (1) Arkansas has a greater relationship to the "parties and the dispute" than Louisiana; (2) Arkansas public policy governing its long term citizens' estate planning choices should trump Louisiana's public policies in protecting someone who claimed domicile in Louisiana for only ten days; and (3) Mr. Scott could not have had "justified expectations" that Louisiana law could be applied to override any ownership interest he may have in the Account simply because Mrs. Scott executed a will in Louisiana.

Respectfully submitted,

/s Gregory C. Fahrenholt

_____
GREGORY C. FAHRENHOLT (Bar No. 28572)
7739 Hampson Street
New Orleans, Louisiana 70118
(504) 451-9605
greg.fahrenholt@gmail.com
Attorney for Defendant/Claimant, Edward G. Crumley, as the Executor of the Estate of Buck J. Scott

## CERTIFICATE OF SERVICE

Electronic service of the foregoing was accomplished via the ECF filing system to the following registered ECF users on December 31, 2009:

Larry E. Mobley
Attorney for Merrill Lynch, Pierce, Fenner & Smith Inc.

Bernard S. Johnson
Attorney for Brenda Blake Orgeron and the Succession of Mary L. Scott

/s Gregory C. Fahrenholt

_____