UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED

VERSUS                                   CIVIL ACTION NO. 6:08-cv-00819

SUCCESSION OF MARY SCOTT, BUCK           JUDGE REBECCA DOHERTY
JONES SCOTT, and BRENDA BLAKE            MAGISTRATE JUDGE PATRICK HANNA
ORGERON

**MEMORANDUM IN RESPONSE TO ORDER OF NOVEMBER 30, 2009**

MAY IT PLEASE THE COURT:

The Court directed the parties to brief two issues: (I) what state's law applies to an asset of the type involved here, the Merrill Lynch account, and (ii) what state's law governs the question of whether that asset should be owned by the estate of Mary Scott or the estate of Buck Scott. These will be considered in the order stated. As a federal district court in the Western District of Louisiana, this Court will apply the principles of conflicts of law applied by the courts of Louisiana, which are set forth in Book IV of the Louisiana Civil Code.

**THE "NATURE OF THE ASSET"**

The account[1] was established at an Arkansas office of Merrill Lynch, listed under the names of two persons who lived in Arkansas at the time, and who received their account statements in Arkansas. It appears clear that Arkansas is the state whose policies would be most seriously impaired if its law were not applied to the issue of the nature of the asset, as opposed to the rights of ownership in it.

---

[1] The account, like the stock held in it, is an incorporeal movable.

While the agreement does include a choice-of-law provision selecting New York law, that provision should be understood to apply to disputes arising between Merrill Lynch, on the one hand, and the owner or owners of the account, on the other hand. That is not the case here, as Merrill Lynch has no interest in the dispute other than as stakeholder.

Ms. Orgeron thus believes that Arkansas law applies to the characterization of the account. As noted in the Court's Memorandum Ruling of November 30, 2009, the Arkansas Supreme Court has made it clear that, with respect to an asset of this type (a brokerage account), a designation of a party as a joint tenant with right of survivorship is not conclusive evidence of that person's rights with respect to ownership upon the death of the other joint tenant.[2] Thus, even though the regime of joint tenancy with right of survivorship is recognized under Arkansas law, and that law is properly applicable to the issue of characterizing the particular asset in question, under Arkansas law it is a matter of factual determination whether Mrs. Scott in fact intended to upset the prenuptial agreement's purpose of maintaining each spouse's property so that it could devolve upon their respective heirs.

## LAW APPLICABLE TO OWNERSHIP

Louisiana has very clear rules regarding which state's law applies to succession of particular types of assets. La. Civ. Code art. 3532 provides: "Except as otherwise provided in this Title, testate and intestate succession to movables is governed by the law of the state in which the deceased was domiciled at the time of death." Comment (a) to the statute notes that, "when the particular issue does not qualify as an issue of form, capacity, or interpretation falling within the scope of Articles 3528-3531, the issue will be decided under this Article." It is plain that the issue here has nothing

---

[2] *Hall v. Superior Federal Bank*, 794 S.W.2d 611 (Ark. 1990).

to do with the form or interpretation of a will or with testamentary capacity. Thus, the rule is mandatory: "the issue **will be decided under this Article**." (Emphasis added)

Comment (c) to Article 3532 explains the rationale for creating this bright-line rule, including the observation that it "recognizes the obvious, which is that, of all the states potentially involved in a multistate succession, the last domicile of the testator has a more legitimate claim to have its law applied than either the state where the movable property was located at the time of death, or, even less, the state where the testament was made." Thus, rather than creating a framework of comparing the interest of one state to the interest of another in this arena, the Louisiana legislature chose to establish a fixed rule that issues concerning succession to movable property would be decided under the law of the decedent's last domicile.

Ms. Orgeron therefore submits that the issue of which estate should own this property must be decided under the law of Louisiana, the last domicile of her mother. The bright-line rule was established to ensure "a uniform treatment of the succession as a single unit in cases involving movables located in more than one state."[3] In some areas, Louisiana's conflicts-of-law rules involve balancing the interests of one state against those of another, and, in some areas,[4] there are mandatory rules. In these cases, the legislature has effectively made the choice of law for the court, in order to serve the interests of predictability and uniformity.

---

[3] La. Civ. Code art. 3532, comment (c).

[4] Another familiar rule of this type is set forth in La. Civ. Code art. 3533, which requires that succession to immovables in Louisiana is governed by Louisiana law, regardless of the domicile of the decedent.

## CONCLUSION

Ms. Orgeron submits that the law of Arkansas applies to the characterization of the asset in question, and the law of Louisiana applies to its ownership.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By   /s/ Bernard S. Johnson
    Bernard S. Johnson
      La. Bar Roll No. 07280
    Kristina B. Gustavson
      La. Bar Roll No. 29232
333 Texas Street, Suite 1700
PO Box 22260
Shreveport, LA 71120-2260
Telephone: (318) 221-6277
Facsimile: (318) 227-7850
E-mail: bernard.johnson@cookyancey.com
ATTORNEYS FOR THE SUCCESSION OF MARY L. SCOTT AND BRENDA BLAKE ORGERON

**CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing is being served on:

    Mr. Larry E. Mobley
    Barrasso Usdin Kupperman Freeman & Sarver, LLC
    909 Poydras Street, Suite 2400
    New Orleans, LA 70112
    Phone:  (504) 589-9700
    Fax: (504) 589-9701
    ATTORNEYS FOR PLAINTIFF

    Mr. Gregory C. Fahrenholt
    7739 Hampson Street
    New Orleans, LA 70118
    Phone: (504) 451-9605
    Email: greg.fahrenholt@gmail.com
    ATTORNEYS FOR EDWARD G. CRUMLEY, AS THE
    EXECUTOR OF THE ESTATE OF BUCK J. SCOTT

by facsimile and/or e-mail.

    Shreveport, Louisiana, this 31st day of December, 2009.

                                            /s/ Bernard S. Johnson
                                              Bernard S. Johnson, #7280