RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __10/14/10__

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

MERRILL LYNCH, PIERCE,          CIVIL ACTION NO. 08-0819
FENNER & SMITH INC.

VERSUS                          JUDGE DOHERTY

SUCCESSION OF MARY L. SCOTT, ET AL.    MAGISTRATE JUDGE HANNA

**MEMORANDUM RULING**

Pending before the Court is the "Motion for Leave to Liquidate Securities Holdings and Deposit Proceeds" [Doc. 42] filed by plaintiff-in-interpleader, Merrill Lynch, Peirce, Fenner & Smith Inc. ("Merrill Lynch"), in which Merrill Lynch seeks leave of court to liquidate securities holdings and deposit proceeds into the registry of the Court and to discharge Merrill Lynch from any liability associated with the deposited funds pursuant to 28 U.S.C. §1335(a)(2), Rule 67 of the Federal Rules of Civil Procedure, and Local Rule 67.1W. Defendants Brenda Blake Ortego and the Succession of Mary L. Scott, as well as defendant Edward G. Crumley, as the Executor of the Estate of Buck J. Scott, oppose the motion [Docs. 43, 45 & 46].

The facts of this case have been set forth in detail by this Court in its November 30, 2009 ruling on cross motions for summary judgment filed by the parties [See Docs. 30 & 31]. In the instant motion, Merrill Lynch, as the plaintiff-in-interpleader, seeks to liquidate the securities in the account Merrill Lynch maintains, deposit all cash and proceeds from the sale of the securities into the registry of the Court, and discharge Merrill Lynch from any liability associated with the deposited proceeds. The claimants to the securities in question both object to the liquidation of the securities

on grounds the stocks in the Merrill Lynch account are subject to rapid market fluctuations, and there

is no guarantee the stock will not increase in value in the future.  Additionally, the claimants contend

the sale of the stock now will result in capital gains tax liability for the ultimate owner of the stock,

and therefore, liquidating the stock will have an economic impact on the ultimate owner of the stock.

The claimants argue only the true owner of the stock should be allowed to exercise the right or

option to liquidate the stock.

Merrill Lynch chose to institute the present proceeding pursuant to 28 U.S.C. §1335, the

statute governing federal interpleader, which states:

> **(a)** The district courts shall have original jurisdiction of any civil action of
> interpleader or in the nature of interpleader filed by any person, firm, or corporation,
> association, or society having in his or its custody or possession money or property
> of the value of $500 or more, or having issued a note, bond, certificate, policy of
> insurance, or other instrument of value or amount of $500 or more, or providing for
> the delivery or payment or the loan of money or property of such amount or value,
> or being under any obligation written or unwritten to the amount of $500 or more, if
>
>> (1) Two or more adverse claimants, of diverse citizenship as defined in
>> subsection (a) or (d) of section 1332 of this title, are claiming or may claim
>> to be entitled to such money or property, or to any one or more of the benefits
>> arising by virtue of any note, bond, certificate, policy or other instrument, or
>> arising by virtue of any such obligation; and if
>>
>> (2) the plaintiff has deposited such money or property or has paid the amount
>> of or the loan or other value of such instrument or the amount due under such
>> obligation into the registry of the court, there to abide the judgment of the
>> court, ***or has given bond payable to the clerk of the court in such amount
>> and with such surety as the court or judge may deem proper***, conditioned
>> upon the compliance by the plaintiff with the future order or judgment of the
>> court with respect to the subject matter of the controversy.
>
> **(b)** Such an action may be entertained although the titles or claims of the conflicting
> claimants do not have a common origin, or are not identical, but are adverse to and
> independent of one another.

28 U.S.C. §1335 (emphasis added).

As a general matter, a traditional interpleader suit is an equitable action available to a plaintiff-stakeholder who is, or may be, exposed to multiple liability or multiple litigation, usually when two or more claims are brought that are mutually inconsistent. *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 631 (5th Cir. 2002), *citing Gen. Elec. Credit Corp. v. Grubbs,* 447 F.2d 286, 288 (5th Cir.1971), *rev'd on other grounds,* 405 U.S. 699, 705-06, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). The purpose of interpleader is to enable the plaintiff-stakeholder to avoid "the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing." *Hussain,* 311 F.3d at 631, *citing Texas v. Florida,* 306 U.S. 398, 412, 59 S.Ct. 563, 83 L.Ed. 817 (1939). Thus, traditionally the claims of the defendant claimants must be mutually exclusive and adverse to one another such that one claimant's gain in the stake would be another claimant's loss. In contrast to the subsequently evolved bill "in the nature of interpleader," the stakeholder in a strict bill of interpleader maintains no claim or interest in the stake. *Hussain,* 311 F.3d at 631. *See also White v. FDIC,* 19 F.3d 249, 251 (5th Cir.1994) (defining interpleader as a "procedural device which entitles a person holding money or property, concededly belonging at least in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund"), *cited in Airborne Freight Corp. v. U.S.,* 195 F.3d 238, 240 (5th Cir. 1999).

An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Rhoades v. Casey,* 196 F.3d 592, 600-01 (5th Cir. 1999). If the district court finds the interpleader action has been properly brought, the district court will then make a determination of the respective rights of the claimants. *Rhoades,* 196 F.3d at 600-01.

-3-

Although not addressed by the parties in their briefs, at the first stage, this Court must determine whether the requirements for statutory interpleader[1] – that is, interpleader sought pursuant to 28 U.S.C. §1335 – have been met. The basic jurisdictional prerequisite for maintaining a statutory interpleader action is that there be minimally diverse[2] "adverse claimants" to a particular fund or property. 28 U.S.C. §1335. Thus, the courts have uniformly held a single, identifiable fund is a prerequisite to an interpleader action. *Wausau Ins. Companies v. Gifford*, 954 F.2d 1098, 1100-01 (5th Cir.1992), *citing State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 530, 87 S.Ct. 1199, 1203, 18 L.Ed.2d 270 (1967) (stating that the legislative purpose was "to remedy the problems posed by multiple claimants to a single fund"); *Matter of Bohart,* 743 F.2d 313, 324 (5th Cir.1984) ("An interpleader action is designed to protect a stakeholder, as such, from the possibility of multiple claims upon a single fund"); *Gaines v. Sunray Oil Company,* 539 F.2d 1136, 1141 (8th Cir.1976) ("Requisite to the maintenance of an interpleader action is that the stakeholder be subject to multiple adverse claims against a single fund or liability"). In the instant case, the parties do not dispute diversity[3] or that the funds Merrill Lynch holds constitute a "single stake" or "single, identifiable fund." Therefore, the Court concludes the foregoing requirements have been met.

One additional jurisdictional requirement remains. Unlike interpleader under Rule 22,

---

[1] Because Merrill Lynch has not premised its interpleader action on Rule 22 of the Federal Rules of Civil Procedure ("rule interpleader"), this Court need not determine whether the requirements of that rule have been satisfied.

[2] 28 U.S.C. §1335 requires no more than "minimal diversity," that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens. Thus, under the federal interpleader statute, the requirement for minimal diversity is met as long as any two adverse parties are not co-citizens. *Travelers Indem. Co. v. Greyhound Lines, Inc.*, 377 F.2d 325, 326 -327 (5th Cir. 1967), *citing Haynes v. Felder*, 239 F.2d 868, 872-75 (5th Cir. 1957).

[3] Merrill Lynch is a Delaware corporation; the Succession of Mary Scott is a Louisiana judicial entity, acting through its authorized representative Brenda Blake Orgeron, who is a citizen and resident of Louisiana; and Edward G. Crumley, as the executor of the estate of Buck J. Scott, is a citizen and resident of Arkansas.

statutory interpleader requires an actual deposit of the stakeholder's funds or property in the registry of court. *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). The subject of the instant motion addresses this very requirement. Merrill Lynch argues it should be permitted to liquidate the shares and deposit their value into the registry of the court, and then be absolved of all liability associated with the shares. However, the claimants oppose liquidation of the shares. To support their position, the claimants cite *Wertheimer v. Bank of Nova Scotia*, 140 F.Supp. 950 (S.D.N.Y. 1956) and argue this Court should order Merrill Lynch to deposit the *certificates* of stock into the registry of the court rather than liquidating the stock and depositing the value of the shares into the court's registry. However, in response, Merrill Lynch argues it does not have physical possession of the stock certificates and cannot deposit them in the registry of the court.[4]

Section 1335 clearly states "[i]t is that which the alleged stakeholder *has in his custody or possession* which is required to be deposited with the Clerk of the Court under the Interpleader Statute." *Austin v. v. Texas-Ohio Gas Co.*, 218 F.2d 739 (5th Cir. 1955) (emphasis added).[5] Therefore, to the extent Merrill Lynch does not have custody or possession of the actual stock certificates, the certificates cannot be deposited into the registry of the court.

In *Kitzer v. Phalen Park State Bank of St. Paul*, 379 F.2d 650 (8th Cir. 1967), the Eighth

---

[4] With respect to Merrill Lynch's suggestion that the "property could be held in the Court's name in an account at a broker-dealer pending resolution of claimants' dispute," this Court concludes such suggestion is untenable. Indeed, consistent with its contract with the owner of the shares and her heirs, Merrill Lynch owes a fiduciary duty to the owner of the shares that will not, and should not, be transferred to the Court.

[5] In *Austin*, the Fifth Circuit held it had jurisdiction over an interpleader action involving adverse claimants to 95,000 shares of common stock even though the plaintiff-stakeholder deposited only 27,300 of the shares – over which it had custody and control – into the registry of the court. Because the case does not explain how actual "shares" were deposited into the registry of the court, this Court concludes the Austin case is not particularly helpful to the determination to be made by this Court.

Circuit addressed circumstances where the "single fund" or "property" at issue in an interpleader

action is not capable of being "deposited" into the registry of the court, as follows:

> The requirement that the stakeholder deposit money or property or the giving of a
> bond in lieu thereof is a condition precedent to obtaining interpleader jurisdiction.
> Where property alone is involved the courts have liberally construed the interpleader
> statute to allow the deposit of only the specific property in plaintiff's possession with
> the condition that the property deposited be of the value of $500.00 or more in
> compliance with the statute. *However, many situations may exist where it becomes*
> *impracticable for a stakeholder to deposit the specific res in controversy into the*
> *registry of the court. It is because of this that the Interpleader Act was amended*
> *to allow the use of a surety bond.* The Senate Judiciary Report specifically reads:

> 'The amended bill allows the stakeholder, as an alternative to a deposit, to file a
> surety bond approved by the court. Although the disputed subject matter will
> ordinarily be deposited in court, situations sometimes arise where the rigid
> requirement of a deposit would prevent just relief.' Sen.Rep.No. 558, 74th Cong., 1st
> Sess., p. 6.

379 F.2d at 651 (emphasis added) (internal citations and footnotes omitted). This Court notes in his

brief addressing the issue, defendant and claimant Edward G. Crumley argues in lieu of depositing

the stock certificates into the registry of the court or liquidating the stock and depositing the value

of the shares, this Court may order that Merrill Lynch submit to the Clerk of Court a surety bond

payable to the Clerk of Court in the amount of the value of the property held by Merrill Lynch in the

account, however, for whatever reason Merrill Lynch chooses not to do so.

Section 1335 specifically states jurisdiction exists *if"the plaintiff has deposited such money*

*or property* or has paid the amount of or the loan or other value of such instrument or the amount

due under such obligation into the registry of the court, there to abide the judgment of the court, *or*

*has given bond payable to the clerk of the court in such amount and with such surety as the court*

*or judge may deem proper*, conditioned upon the compliance by the plaintiff with the future order

or judgment of the court with respect to the subject matter of the controversy." Therefore, the giving

of a surety bond by the stakeholder is expressly recognized as a legitimate jurisdictional solution when the property or *res* is incapable of being deposited into the registry of the court, however no such surety bond has been posted. Consequently, this Court lacks subject matter jurisdiction over the instant case.

In its complaint filed on June 10, 2008, Merrill Lynch states that following:

6.

Merrill Lynch **has delivered or will deliver into the registry of this Court** securities worth, or the sum of, approximately one million two hundred thousand dollars ($1,200,000.00) presenting the total amount to which the potential Claimants would be entitled. Immediate liquidation of the securities, however, might trigger adverse tax consequences for the ultimate owner(s). Merrill Lynch therefore encourages the Court to consider this prospect in deciding what order to issue to Merrill Lynch. (emphasis added).

The foregoing allegation in its complaint demonstrates that as of June 2008, Merrill Lynch knew of the requirement to deposit into the registry of the court the "fund" or property at issue. Now, more than two years after the filing of the complaint and approximately four months before trial, Merrill Lynch is attempting to sidestep this jurisdictional requirement by arguing for liquidation, which will admittedly involve an adverse tax consequence for the ultimate owner of the account, and by suggesting a transfer of Merrill Lynch's fiduciary duty as the holder of the account to this Court. The question before the Court is whether the failure of Merrill Lynch to make the required deposit requires dismissal of this lawsuit for lack of subject matter jurisdiction.

In *Lincoln General Ins. Co. v. State Farm Mutual Automobile Ins. Co.*, 425 F.Supp.2d 738, 742 (E.D. Va. 2006),[6] the court stated:

---

[6] Although this Court is not bound by the decisions of other federal district courts, this Court is mindful of the treatment of similar issues by other courts.

.....although the record reflects that Lincoln General neither deposited the policy funds in question into the registry of the court nor entered into an appropriate bond in lieu thereof, as required by § 1335(a)(2), this is a jurisdictional defect that a stakeholder may easily cure and is therefore insufficient to defeat an otherwise appropriate statutory interpleader action. *See, e.g., CNA Ins. Companies v. Waters,* 926 F.2d 247, 249 n. 6 (3d Cir.1991) (recognizing that "the law is clear" that a party may be permitted to cure a defect in the amount deposited into the court registry under the federal interpleader statute). It is thus appropriate to order Lincoln General to deposit the original $25,000 stake into the registry of the court to perfect subject matter jurisdiction under § 1335. To be sure, however, a stakeholder's persistent failure to deposit the stake or to enter into an appropriate bond, especially in the face of an order requiring the stakeholder to cure this defect, might well serve to strip a court of subject matter jurisdiction over a statutory interpleader action. *See* 28 U.S.C. § 1335(a)(2).

Although, in the instant case, the matter of the deposit would appear to be easily cured, this Court can only assume Merrill Lynch intentionally chooses not to comply with the statute as Merrill Lynch was aware of the deposit requirement at the time it filed its complaint. Merrill Lynch, itself, chose to proceed under federal statutory interpleader rather than Rule 22 interpleader, which requires no deposit, and further, that Merrill Lynch argues it cannot deposit the required "funds or property," as Merrill Lynch argues such deposit is impossible, and as the motion before the Court shows by its omission of any discussion of the statutorily contemplated surety bond, nor does Merrill Lynch have intention of filing the security bond contemplated by the statute; and Merrill Lynch has failed to comply with the requirements of the jurisdictional statute it selected, for over two years, notwithstanding its assertion within its pleading that it "... has delivered or will deliver into the registry of the Court ..." Any argument that the jurisdictional defect in this case is easily cured is fatally undercut by the clear and knowing failure of Merrill Lynch to do what it asserted was already done or soon would be done, for over two years, the absence of any mention of the possible cure of the surety bond from its recent motion, the close proximity of trial, and Merrill Lynch's apparent intentional choice not to comply with the jurisdictional requirements of the statute. This Court,

-8-

ordinarily, would allow ten days within which to cure the jurisdictional defect, however, given the language in Merrill Lynch's complaint and Merrill Lynch's position taken in the instant motion, this Court cannot assume the failure to deposit the funds or property in the registry of the Court was a mistake or mere inadvertence, or a matter which could be easily cured; particularly as Merrill Lynch has repeatedly failed to do so.  Thus, this Court can only assume the choice of Merrill Lynch not to comply with its jurisdictional requirement was a strategic one.  Under these unique circumstances, this Court finds allowing opportunity to cure would be counterproductive and dismisses the instant matter *without prejudice.*

Considering the foregoing,

IT IS ORDERED that the "Motion for Leave to Liquidate Securities Holdings and Deposit Proceeds" [Doc. 42] filed by plaintiff-in-interpleader, Merrill Lynch, Peirce, Fenner & Smith is DENIED, this Court finding it lacks subject matter jurisdiction and the instant motion does not cure that jurisdictional defect.[7]

IT IS FURTHER ORDERED that the instant matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___13___ day of October, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[7] As this is the first time jurisdiction has been raised in this matter, albeit by the Court, this Court notes it has ruled on substantive motions without the issue of jurisdiction having been raised by the parties and without actually having had jurisdiction to do so, which ordinarily would argue for allowing opportunity to cure the jurisdictional defect.  However, again, this Court notes the instant motion filed by Merrill Lynch addresses the underlying issue that triggers the jurisdictional omission of Merrill Lynch.  However, Merrill Lynch chose not to provide the allowed for surety bond.